WINDELS MARX LANE & MITTENDORF, LLP
*Attorneys for Wells Fargo Bank, N.A.,*
*as successor by merger to Wachovia Bank, National Association*
156 West 56th Street
New York, New York 10019
Tel. (212) 237-1000 / Fax. (212) 262-1215
Attorneys appearing:  Mark A. Slama (mslama@windelsmarx.com)
　　　　　　　　　　Leslie S. Barr (lbarr@windelsmarx.com)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re

PRESTON TAYLOR PROJECTS, LLC,

　　　　　　　　　　　　Debtor.
-----------------------------------------------------------x

Chapter 11

Case No. 15-10089 (SMB)

**RESPONSE OF WELLS FARGO BANK, N.A. IN SUPPORT OF MOTION
OF UNITED STATES TRUSTEE FOR AN ORDER TO CONVERT THIS
CHAPTER 11 CASE TO A CHAPTER 7 CASE OR, ALTERNATIVELY, TO
DISMISS THIS CHAPTER 11 CASE**

**TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE**:

　　　　Secured creditor *Wells Fargo Bank, N.A., as successor by merger to Wachovia Bank, National Association* ("**Wells Fargo**"), by its undersigned attorneys, respectfully represents:

**Background**

　　　　1.　　On January 16, 2015 (the "**Filing Date**"), Preston Taylor Projects, LLC (the "**Debtor**") filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

　　　　2.　　The Debtor is the owner of real property located in the County of New York, State of New York, known as Unit 7B in The Diplomat Centre Condominium (the "**Unit**") and the related undivided 1.2861% interest in the common elements (Block 1336, Lot 1109) (collectively with the Unit, the "**Mortgaged Property**"), which Mortgaged Property is part of

{11052188:1}

the condominium building located at the property commonly known as 820 Second Avenue, New York, New York 10017.

3. Wells Fargo is the holder by assignment of, among other things, a Note Consolidation Agreement dated May 19, 2005 (the "**Note**"), which evidences the Debtor's indebtedness to Wells Fargo in the principal amount of $800,000 (the "**Loan**"), and a duly recorded Mortgage Consolidation Agreement dated May 19, 2005 (the "**Mortgage**"), which, among other things, constitutes a single first lien on the Mortgaged Property in the principal amount of $800,000.

4. Simultaneous with the execution and delivery of the Note and Mortgage, W. Charles Robinson, Esq. ("**Robinson**"), executed and delivered to Wells Fargo an Unconditional Guaranty dated May 19, 2005 (the "**Guaranty**") wherein Robinson unconditionally, absolutely, and irrevocably guaranteed to Wells Fargo the payment and performance of the Debtor's obligation of repayment of the full amount of indebtedness (as defined in the Note).

5. Robinson is a commercial occupant of the Mortgaged Property and the managing member of the Debtor and of C. Robinson & Associates, LLC ("**CRA**") a New York limited liability company engaged in the practice of law, with an office located at the Unit. The Loan Documents (defined below) provide for the assignment of leases and rents, but Wells Fargo does not know whether CRA uses and occupies the Unit pursuant to a written lease with the Debtor, and what amounts, if any, it pays to the Debtor for rent or use and occupancy. As of this date, the Debtor has not filed with the Court Schedule G – Executory Contracts and Unexpired Leases, even though its time to do so expired on January 30, 2015 and the Debtor has not sought an Order of the Court extending that deadline. Schedule G would reveal the existence of any such lease, as well as the contract that, upon information and belief, the Debtor entered into with a

third party before the Filing Date for the purchase and sale of the Mortgaged Property (the "**Prepetition Sale Contract**").

6. The Mortgage, Note, Guaranty and all other instruments consolidated into or made a part thereof executed and delivered to Wells Fargo to evidence, memorialize or otherwise provide security for the Loan or evidence Wells Fargo's ownership thereof are collectively referred to as the **"Loan Documents"**.

7. Before the Filing Date, the Debtor defaulted on its obligations under the Loan Documents by failing to make the payments and other charges on the Note when due, to pay to Wells Fargo all rents, issues, and profits of the Mortgaged Premises since the date of default, to pay real property taxes and assessments due and owing on the Mortgaged Property, and to pay common charges and other assessments due at the Mortgaged Property, which has resulted in the a lien against the Mortgaged Property.

8. The Debtor also failed to pay the common charges due, as evidenced by the lien filed by the Board of Managers of The Diplomat Centre Condominium (the "**Condo**") and recorded on February 26, 2008.

9. The Debtor also failed to pay all outstanding real estate taxes assessed against the Mortgaged Property, and has not provided proof of insurance for the Mortgaged Property. The Debtor's failure to properly insure the Mortgaged Property would place Wells Fargo's collateral in jeopardy.

10. By letter dated May 1, 2013 (the "**Notice of Default**"), Wells Fargo provided the Debtor with written notice of the defaults under the Loan Documents, and accelerated the total outstanding indebtedness due and owing under the Loan Documents and made demand for full payment of all sums owed

{11052188:1}                                              3

11.  The Debtor has the obligation to pay to Wells Fargo on demand any Rents collected by the Debtor after the revocation of the license granted to the Debtor, and such demand was made by in the Notice of Default

12.  After the Debtor's receipt of the Notice of Default, the Debtor made no payments to Wells Fargo. Accordingly, Wells Fargo commenced an action in the Supreme Court of the State of New York, County of New York, against the Debtor, Robinson, CRA, the Condo and others, Index No. 651836/2013, seeking, among other things, the entry of a judgment of foreclosure and sale of the Mortgaged Premises (the "**State Court Action**").

13.  The State Court Action was automatically stayed as of the Filing Date. As of the Filing Date, the Debtor was indebted to Wells Fargo in the approximate amount of $708,076.58, plus all other sums due or to become due, including accrued and accruing interest, protective advances, and any reasonable fees, costs, or charges provided for under the Loan Documents and applicable law.

14.  By letter dated January 26, 2015 (the "**Cash Collateral Prohibition Letter**"), counsel for Wells Fargo advised the Debtor that Wells Fargo has not consented to the Debtor's use of cash collateral, that Wells Fargo is unaware of any application by the Debtor seeking a Court order for such use, and accordingly, the Debtor is prohibited from using, selling or leasing any cash collateral unless and until the Debtor has complied with the provisions of Bankruptcy Code § 363(c)(2). In addition, Wells Fargo demanded pursuant to Bankruptcy Code § 363(c)(4) that the Debtor immediately segregate and account to Wells Fargo for any cash collateral in its possession, custody or control or that may have been used since the Petition Date. Wells Fargo has not received any response from the Debtor, and has no information as to the existence or

disposition of any cash collateral. A copy of the Cash Collateral Prohibition Letter is attached as **Exhibit "A"**.

15. On January 29, 2015, the United States Trustee for Region 2 (the "**United States Trustee**") filed a motion pursuant to Bankruptcy Code § 1112(b) for an order converting the Debtor's chapter 11 case to a case under chapter 7, or in the alternative, dismissing the chapter 11 case (the "**Motion**"). The Motion is based upon the Debtor's failure to retain counsel. Although Robinson is listed as counsel on the Debtor's bankruptcy petition, he is not disinterested and cannot represent the Debtor in this case because he is also owner of the Debtor.

**Wells Fargo's Response in Support of the Motion**

16. The Debtor's case should be dismissed for the reasons stated by the United States Trustee in the Motion. In addition, Robinson is not disinterested because he is personally indebted to Wells Fargo under his Guaranty. Moreover, the Debtor has not filed an application to retain counsel, and Robinson has not made the disclosures required by Bankruptcy Rule 2016(b).

17. The Debtor has failed to comply with other fundamental requirements of the Bankruptcy Code and Bankruptcy Rules. It has not filed all of the required schedules of assets and liabilities, including Schedules B - Personal Property, E - Unsecured Priority Claims, G - Executory Contracts and Unexpired Leases and H - Codebtors. And the Debtor has not responded to Wells Fargo's demand to not use, to segregate and to account for rents, which constitute Wells Fargo's cash collateral. These failures constitute separate and additional cause for the conversion or dismissal of the Debtor's case. *See* Bankruptcy Code § 1112(b)(4)(B) (gross mismanagement of the estate), (C) (if failure to maintain appropriate insurance is shown), (D) (unauthorized use of cash collateral substantially harmful to one or more creditors), and (F)

(unexcused failure to satisfy timely any filing or reporting requirement established by the Bankruptcy Code or by any Bankruptcy Rule).

18.     In addition, upon information and belief, the Debtor has recently received a demand from the purchaser under the Prepetition Sale Contract for a return of the purchaser's good faith deposit. Presumably, the funds are available to be returned, but without any declared income and the loss of its contract to sell the Mortgaged Property, it appears that the Debtor has suffered a substantial and continuing loss to and diminution of its estate, which may also constitute grounds to convert or dismiss this case. 11 U.S.C. § 1112(b)(4)(A).

**WHEREFORE**, Wells Fargo respectfully requests that the Court enter an Order granting the Motion and such other and further relief as is just.

Dated:  New York, New York            WINDELS MARX LANE & MITTENDORF, LLP
        February 17, 2015             *Attorneys for Wells Fargo Bank, N.A., as successor
                                      by merger to Wachovia Bank, National Association*

                        By:    /s/ Leslie S. Barr/
                               Mark A. Slama (mslama@windelsmarx.com)
                               Leslie S. Barr (lbarr@windelsmarx.com)
                               156 West 56th Street
                               New York, New York 10019
                               Tel. (212) 237-1000 / Fax. (212) 262-1215

{11052188:1}                        6